IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 13-cv-00480-RBJ-GPG

MICHELE HAFFEY,

    Plaintiff,

v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

    Defendant.

---

ORDER

---

    This matter is before the Court on the January 23, 2014 Recommendation by Magistrate Judge Gordon P. Gallagher [ECF No. 23] to affirm the Commissioner's decision denying plaintiff Michele Haffey's application for disability insurance benefits pursuant to Title II of the Social Security Act. The Recommendation is incorporated herein by reference. Ms. Haffey through counsel filed a timely objection on February 6, 2014. The Commission filed a response on February 20, 2014. No reply was filed. Jurisdiction is proper under 28 U.S.C. § 636(b)(1) and 42 U.S.C. § 405(g).

    This appeal is based upon the administrative record and briefs submitted by the parties. In reviewing the recommendation of a magistrate judge, the role of the district court is to make a de novo determination of any portion of the magistrate judge's report on which an objection has been properly made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). In reviewing a final decision by the Commissioner, the role of the district court is to examine the record and determine whether it "contains substantial evidence to support the [Commissioner's] decision

and whether the [Commissioner] applied the correct legal standards." *Rickets v. Apfel*, 16 F.Supp.2d 1280, 1287 (D. Colo. 1998). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010) (citations omitted). Evidence is not substantial if it "constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).

The Court "may neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Harper v. Colvin*, 528 F. App'x 887, 890 (10th Cir. 2013) (citations omitted). Thus, although some evidence could support contrary findings, the Court "may not displace the agency's choice between two fairly conflicting views," even if the Court might "have made a different choice had the matter been before it de novo." *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). However, the Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Flaherty v. Astrue*, 515 F.3d 1067, 1070 (10th Cir. 2007) (citations omitted).

Upon review, the district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 45 U.S.C. § 405(g); *see also* Fed. R. Civ. P. 72(b)(3).

**Review**

The Court has conducted a de novo review, specifically, a review of the administrative record [ECF No. 14], including of course the hearing transcript, R. 35–61, and the decision of the Administrative Law Judge, R. 17-34; the parties' opening, response, and reply briefs [ECF Nos. 16–18]; Judge Gallagher's Recommendation [ECF No. 23]; the objection [ECF No. 24]; and the

response to the objection [ECF No. 25]. The Court finds that the magistrate judge thoroughly considered and addressed the administrative record, that he applied the correct standard of review, and that he appropriately concluded that ALJ Musseman's findings were supported by substantial evidence in the record. I have considered the seven arguments Ms. Haffey raises in the objection, but none of them convinces me that the magistrate judge erred. I further conclude that there is nothing to be gained from a detailed recitation of the facts and law here, as I agree with the analysis of the magistrate judge and have nothing of substance to add to it.

**Order**

Accordingly, the Recommendation of the United States Magistrate Judge [ECF No. 23] is AFFIRMED and ADOPTED. The objection [ECF No. 24] is DENIED. The Court enters final judgment dismissing this case, with each party to bear her or his own costs and fees.

DATED this 17th day of March, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge